IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kentrell Treville Liburd, | ) |
| Petitioner, | ) C/A No. 0:20-1746-SAL-PJG |
| v. | ) |
| Warden Charles Williams, Jr., | ) **OPINION AND ORDER** |
| Respondent. | ) |

This matter is before the Court for review of the August 21, 2020 Report and Recommendation of United States Magistrate Judge Paige J. Gosset (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that Respondent's Motion for Summary Judgment, ECF No. 7, be granted and the Petition, ECF No. 1, be denied as untimely. Petitioner timely filed objections to the Report. [ECF No. 17]. Respondent replied. [ECF No. 18]. The Report is accordingly ripe for review.

**PROCEDURAL BACKGROUND**

Petitioner Kentrell Treville Liburd ("Petitioner"), a state prisoner represented by counsel, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. [ECF No. 1]. On June 2, 2020, Respondent Warden Charles Williams, Jr. ("Respondent") filed a return with a memorandum of law in support, ECF No. 6, and a motion for summary judgment, ECF No. 7. Petitioner filed his response on July 7, 2020. [ECF No. 13]. Respondent replied on July 13, 2020. [ECF No. 14].

On August 24, 2020, the Magistrate Judge issued a thorough Report, opining that this court should grant Respondent's motion for summary judgment and deny the Petition as untimely. [ECF

1

No. 16]. The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Attached to the Report was the notice of right to file objections. *Id.* Petitioner filed objections on September 9, 2020. [ECF No. 17]. Respondent replied on September 11, 2020. [ECF No. 18]. Thus, the matter is ripe for review by this Court.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-

2

00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the

non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## DISCUSSION

Petitioner specifically objects to the following findings: (1) equitable tolling does not apply to excuse his untimely habeas petition; (2) the enforcement of the standard that it is Petitioner's burden to demonstrate he pursued his rights diligently; and (3) the absence of findings on the merits. [ECF No. 17]. The Court will conduct a *de novo* review of each finding.

### I.   This federal habeas petition is barred by the AEDPA statute of limitations and Petitioner is not entitled to equitable tolling.

Petitioner argues that his untimeliness should be excused because his attorney committed error that exceeds "garden variety negligence." [ECF No. 17 p.1]. The error Petitioner identifies is his attorney's failure to file a Petition for Rehearing in response to a March 15, 2019 order from the South Carolina Court of appeals. *Id.* Petitioner acknowledges that his attorney had no obligation to file a petition for rehearing. *Id.* However, Petitioner argues, because his attorney took it upon herself to recall the Remittitur with the intention of filing a motion for rehearing, she undertook the obligation to follow the court's directives and file it within the time limit stated. *Id.* Petitioner argues that failing to follow through with a Petition for Rehearing, under the circumstances, goes beyond "garden variety negligence" constituting attorney error that justifies excusing the Petitioner's untimeliness. *Id.* Petitioner also points to his age and unfamiliarity with the law to support his claim that equitable tolling applies. *Id.* at 2.

Petitioner's PCR appellate counsel's failure to file a Petition for Rehearing does not establish that Petitioner pursued his rights diligently, but some extraordinary circumstance

4

stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted). While Petitioner's PCR appellate counsel's failure to file a Petition for Rehearing is outside of Petitioner's own control, it is not an extraordinary circumstance that prevented him from filing on time. Because appellate counsel was not required to file the Petition for Rehearing, Petitioner has not shown conduct by his attorney that exceeds "garden variety negligence." Appellate counsel's conduct did not force Petitioner to wait over one year after the filing of the second Remittitur in the PCR appeal to file this federal petition.

Further, Petitioner's argument that his youth and inexperience with the law entitle him to equitable tolling is contrary to the weight of authority. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks & citations omitted); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers."); *Jones v. South Carolina*, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances'

are not: having an inadequate law library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness."). Accordingly, Petitioner is not entitled to equitable tolling and his Petition is time barred.

## II. Authority binding upon this Court holds that it is the Petitioner's burden to demonstrate he pursued his rights diligently.

Petitioner argues that the Court should not have required Petitioner to demonstrate that he pursued his rights diligently. [ECF No. 17 p.2]. He argues that a petitioner could so rarely reconcile untimeliness with diligence that every situation in which he could do so would constitute an extraordinary circumstance justifying equitable tolling. *Id.* at 3.

This Court must require the Petitioner to demonstrate that he pursued his rights diligently because that is what United States Supreme Court precedent requires. *Pace* 544 U.S. at 418 ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Further, diligence and extraordinary circumstances are **both** showings required for equitable tolling. *Id.* Therefore, the fact that most situations where untimeliness could be reconciled with diligence are also extraordinary is not a flaw in the standard. A showing of diligence is not a way to circumvent the extraordinary circumstance standard, but an additional showing the Petitioner must make. Accordingly, the Magistrate properly required the Petitioner to demonstrate that he pursued his rights diligently.

## III. Because the Petition is time-barred the Magistrate Judge properly declined to address the merits.

6

Plaintiff objects to the Magistrate Judge's finding that his Petition is untimely, and therefore objects to the Magistrate Judge declining to address the merits of the Petition. [ECF No. 17 p.3].   Based on the foregoing discussion, this Court also finds the Petition untimely.  Accordingly, the Magistrate Judge properly declined to address the merits of the Petition.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report.  After *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 16, in its entirety.  Accordingly, Defendant's Motion for Summary Judgment, ECF No. 7, is **GRANTED** and the Petition, ECF No. 1, is **DENIED** as untimely.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

October 26, 2020
Florence, South Carolina

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."